(No. 39435M.—

LOWELL J. MYERS, Appellant, *vs.* THE COUNTY OF COOK, Appellee.

*Opinion filed May 23, 1966.*

LOWELL J. MYERS, *pro se.*

DANIEL P. WARD, State's Attorney of Chicago, (ED-WARD J. HLADIS, JOSEPH V. RODDY, and RONALD BUTLER, Assistant State's Attorneys, of counsel,) for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

A statute enacted in 1963 provides that in any legal proceeding in which a deaf-mute is a party or a witness, the court shall upon request appoint a qualified interpreter of the deaf-mute sign language, and shall determine a reasonable fee for the services of the interpreter which shall be paid by the county. The plaintiff, Lowell J. Myers, was appointed an interpreter under the statute in five cases in the circuit court of Cook County, and in each case the trial judge made an award for his services in the sum of twenty-five dollars. The county of Cook refused to pay these

awards and the plaintiff brought this action to recover the $125 that had been awarded to him.

The county did not deny that the services for which the plaintiff sought to recover had been rendered, nor did it contend that the amounts awarded were improper. It defended solely upon the legal ground that the statute violates section 20 of article IV of the constitution of Illinois in that "It seeks to obligate a county to expend funds for interpreter's fees in private civil litigation, without any manifestation of a general public purpose or benefit to be discerned." The trial court held the statute invalid on this ground, and entered judgment on the pleadings for the county. The plaintiff has appealed directly to this court.

The statute in question is as follows: "Whenever any deaf-mute person is a party to any legal proceeding of any nature, or a witness therein, the court upon the request of any party shall appoint a qualified interpreter of the deaf-mute sign-language to interpret the proceedings to and the testimony of such deaf-mute person. In proceedings involving possible commitment of a deaf-mute person to a mental institution, the court shall appoint such interpreter upon its own initiative. The court shall determine a reasonable fee for all such interpreter services which shall be paid out of general county funds." Ill. Rev. Stat. 1965, chap. 51, par. 48.01.

Section 20 of article IV of the constitution provides: "The state shall never pay, assume or become responsible for the debts or liabilities of, or in any manner give, loan or extend its credit to or in aid of any public or other corporation, association or individual." Although in its express terms this constitutional provision relates only to the expenditure of State funds, it has been held to apply to other governmental bodies as well. (See, *e.g. Schuler* v. *Board of Education,* 370 Ill. 107; *Poole* v. *City of Kankakee,* 406 Ill. 521.) The county contends that the statute is invalid because it requires the expenditure of public funds in aid of

private individuals. The validity of the statute as applied to criminal, *quasi*-criminal or mental health cases is apparently conceded, but it is argued that under our "adversary system of justice, it is the individual private litigant in a civil case who * * * is responsible for making himself understood by the arbiter. This is his particular burden." Upon this ground it is argued that there is no difference between payment for the services of an interpreter for a deaf-mute and payment for the services of an attorney to represent him. In both instances, it is said, the governmental body would be discharging the private debt of the individual, in violation of the constitution.

We do not agree that the General Assembly is required by the constitution to take this narrow view of the problem. All litigation is heavily subsidized, without regard to the financial capacity of the litigants. Counties are required to provide courthouses (*People ex rel. County of Franklin* v. *County of Williamson*, 286 Ill. 44), and judges and other court officials are provided at public expense. Nor is the authority of the State to provide for the administration of justice limited to bare necessities. A judicial system could function without court reporters, or litigants who are financially able to do so could be required to provide their own court reporters. But the authority of the General Assembly to provide for the appointment of court reporters and to compensate them from public funds has long been recognized. (*People* v. *Chetlain*, 219 Ill. 248; *People* v. *Raymond*, 186 Ill. 407.) The gain to the public in terms of the efficient and expeditious administration of justice is considered to outweigh the advantage afforded individual litigants.

So in the case at bar, it is possible that the courts could manage to function without provision for the interpretation of the testimony of deaf-mutes at public expense. But that does not mean that the constitution is violated if the General Assembly decides that the courts can function more

efficiently and expeditiously if provision is made for such interpreters. Apart from considerations of efficiency, such a decision could well rest upon a determination that a net saving of public funds would result from conserving the time of judges and jurors in cases in which deaf-mutes are involved as parties or witnesses.

The judgment of the circuit court of Cook County is reversed, and the cause is remanded with directions to enter judgment for the plaintiff.

*Reversed and remanded, with directions.*