THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JEROME JAVUREK, Defendant.—(THE DEPARTMENT OF MENTAL HEALTH AND DEVELOPMENTAL DISABILITIES, Petitioner-Appellant.)

Third District   No. 75-393

Opinion filed July 15, 1976.

William J. Scott, Attorney General, of Chicago (William J. Fitzpatrick, Assistant Attorney General, of counsel), for appellant.

Edward P. Drolet, State's Attorney, of Kankakee, for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

The Illinois Department of Mental Health appeals from an order of the Circuit Court of Kankakee County which committed defendant Jerome Javurek to Manteno State Hospital for treatment after his acquittal on a murder charge by reason of insanity. Additionally, the trial court found that defendant had not recovered from his insanity and a portion of the order appealed from provided that the Department "is ordered not to release, nor transfer nor discharge * * * defendant, until further order of this Court."

Defendant has been and is continuing to be treated by the Department at the Manteno Mental Health Center.

The appeal raises the question whether the circuit court had authority to require a hearing prior to release, transfer or discharge.

The Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—2—4(b)) provides for the procedure the trial court must follow after an acquittal by reason of insanity, where the trial court finds that the person has not yet recovered from insanity. The court is directed to make a specific finding as to "competence" and to make a specific finding that the defendant is "in need of mental treatment." If it is found that the defendant is still in need of mental treatment, the court is to then order the defendant to be hospitalized in the custody of the Illinois Department of Mental Health and Developmental Disabilities. These specific actions are the only ones which the trial court is authorized to take. The final sentence in subsection (b) places upon that Department the responsibility for the "admission, detention, care, treatment, and discharge of the defendant."

The Department contends that the legislature intended that the trial court jurisdiction of an acquitted defendant terminate with the commitment order, and thereafter that he be treated and discharged *without further review by the court.* The State's Attorney disputes this view.

■■ This identical question was raised in the recent case of *People v. Adams* (1st Dist. 1976), 35 Ill. App. 3d 810, 343 N.E.2d 659. *Adams* arose from an order of the trial court that the defendant, who was acquitted because of insanity and found to be in need of mental treatment " * * * be returned to this Court for a hearing and determination by this Court that the Defendant is no longer afflicted with said insanity and is no longer in need of psychiatric treatment." (35 Ill. App. 3d 810, 812.) When the Department discharged the defendant without the hearing required by the trial court a contempt order followed, and the Department appealed from that finding and adjudication of contempt. In *Adams,* the court said:

> "The question becomes when does the circuit court lose jurisdiction over the defendant. Jurisdiction was acquired by the circuit court when the defendant was indicted. The circuit court heard the matter, tried the defendant on the indictment, and returned a verdict. Section 5—2—4(b) provides that admission, detention, care, treatment, and discharge after such order shall be under the Mental Health Code. We hold that the circuit court loses jurisdiction over the person and subject matter after the defendant is acquitted by reason of insanity and the court enters its order. Under the Mental Health Code, the circuit court only has jurisdiction over persons not charged with a felony who are in need of mental treatment (Ill. Rev. Stat., 1973, ch. 91½, §2—1.) The Mental Health Code of 1967 cannot be invoked until a defendant like the one in the instant case, is acquitted. Once invoked, the section of the Mental Health Code of 1967 on discharge (Ill. Rev.

Stat., 1973, ch. 91½, §10—4) provides that the superintendent may grant an absolute discharge by notifying the court which originally entered the order of hospitalization that such person has been given an absolute discharge from such hospital.* * *. It is clear that the court issuing the original order, herein the circuit court, has no statutory authority to bring the defendant back before that court." 35 Ill. App. 3d 810, 813-14.

This court can appreciate the trial court's concern that the Department may give insufficient consideration to the need to protect the community from dangerous persons, and that a court should determine when one has been restored to reason and is able to function in society without fear of harming others. Some experts contend that the doctor's concern is primarily that of his patient's mental health, while the community is concerned with the extent of a threat to public tranquility posed by a particular patient. The court is in a better position to balance both viewpoints.

■■ We believe however, that the legislature has issued its instructions and its directives must be followed. It is the function of the legislature, not the courts, to prescribe the procedures to be followed in treating persons acquitted by reason of insanity after their acquittal. "Courts have no legislative powers, and their sole function is to determine and, within the constitutional limits of the legislative power, give effect to the intention of the lawmaking body. We will not, and cannot inject provisions not found in a statute, however desirable or beneficial they may be." *Droste v. Kerner* (1966), 34 Ill. 2d 495, 504, 217 N.E.2d 73; *Rios v. Jones* (1st Dist. 1974), 25 Ill. App. 3d 381, 323 N.E.2d 380.

The next session of the Illinois General Assembly may wish to consider a revision of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—2—4(b) and the Mental Health Code (Ill. Rev. Stat. 1975, ch. 91½, par. 10—4) to establish new standards for release, keeping in mind that the effect of a determination of insanity is that no indictable "crime" was committed. The offender is not a criminal, but an individual requiring medical attention. The basis for his confinement is rehabilitation and treatment. Any new standards for release must be based on this nature of commitment, given the overriding concern for the public safety.

Since the circuit court lost jurisdiction under section 5—2—4(b), the last paragraph of its order of February 4, 1975, was void *ab initio* and is hereby vacated. Since the remainder of the commitment order was not challenged on appeal, it is affirmed.

Reversed in part; affirmed in part.

ALLOY, P. J., and BARRY, J., concur.