THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM COUGHLIN, Defendant.—(THE DEPARTMENT OF MENTAL HEALTH AND DEVELOPMENTAL DISABILITIES, Petitioner-Appellant.)

First District (5th Division)   No. 77-136

Opinion filed September 9, 1977.

William J. Scott, Attorney General, of Chicago (William J. Fitzpatrick, Assistant Attorney General, and Barbara A. Weiner, Staff Attorney, of Illinois Department of Mental Health, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and James S. Veldman, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE MEJDA delivered the opinion of the court:

The Department of Mental Health and Developmental Disabilities (hereinafter Department), appeals from the provisions of an order entered by the circuit court of Cook County which required the Department to notify the circuit court and State's Attorney before the Department discharged the defendant, William Coughlin. The Department contends that the circuit court thereby exceeded its statutory authority.

In relevant part the record shows defendant was indicted for murder, initially adjudged unfit to stand trial and remanded to the Department for treatment, and after a period of time adjudged competent to stand trial. On November 24, 1976, following a bench trial, defendant was found not guilty by reason of insanity. The circuit court additionally determined that defendant had not recovered from his mental condition existing at the time of the offense and ordered that defendant be remanded to the

custody of the Department. (Ill. Rev. Stat. 1975, ch. 38, par. 1005—2—4(b).) The order also provided:

> "Defendant is not to be discharged from the custody of the Department of Mental Health however, without this court and the State's Attorney of Cook County being first notified of the Department's intention to discharge the defendant."

The Department's motion to vacate or amend the above-quoted provisions of the order was denied, and this appeal follows.

Initially, the State contends that the portion of the order for which the Department seeks review is not final and appealable, and it cannot be considered by this court. We do not agree. In *People v. Ealy* (1977), 49 Ill. App. 3d 922, 365 N.E.2d 149, this court considered an appeal by the Department from an order requiring it to hospitalize a defendant during the pendency of an appeal. Defendant there had been found unfit to stand trial but not in need of mental treatment. As here, the State claimed the order was not appealable. In rejecting this contention, this court stated:

> "The Department had been ordered to hospitalize defendant despite its belief that Judge Wendt had acted in excess of his authority. To disobey what the Department considered a void order could have resulted in a citation for contempt of court. [Citation.] Having argued vigorously against the court's order, and thereafter, in favor of the order's vacation, alteration or amendment, the Department did all that it could as an advocate. It could do no more without becoming contumacious. As to the Department, therefore, in this litigation, the trial court's denial of its motion should be considered a final order. That order disposed of the Department's rights upon a definite and separate part of the controversy. [Citations.] The state's motion to dismiss the Department's appeal must be denied." (49 Ill. App. 3d 922, 936-37, 365 N.E.2d 149, 159.)

Similarly, we conclude the State's claim that this matter is not appealable is without merit. See *People v. Theim* (1977), 52 Ill. App. 3d 160, 367 N.E.2d 367.

It would appear that at the time the circuit court entered the instant order, the contested provisions arguably may have been in excess of the court's statutory authority. (See *People v. Javurek* (1976), 40 Ill. App. 3d 218, 351 N.E.2d 897; *People v. Adams* (1976), 35 Ill. App. 3d 810, 343 N.E.2d 659.) However, it is also well settled that generally an appeal will be determined based on the law as it exists at the time the appellate decision is rendered. *Rios v. Jones* (1976), 63 Ill. 2d 488, 495, 348 N.E.2d 825; *Riching Corp. v. Daley* (1976), 43 Ill. App. 3d 574, 576, n. 1, 357 N.E.2d 74.

Public Act 80—164 (effective August 1, 1977) amended the statutory

procedure set forth in section 5—2—4 of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—2—4) concerning disposition of individuals found not guilty by reason of insanity yet still requiring mental treatment. Section 5—2—4(d) now provides:

"(d) When the superintendent [of the facility to which defendant is committed] determines that:

(1) the defendant is no longer in need of mental treatment, or

(2) although the defendant continues to be in need of mental treatment, release or discharge is appropriate under specified conditions which afford reasonable assurance for further treatment or habilitation and for the safety of the defendant and others, the superintendent shall give written notice not less than 30 days prior to such release or discharge to the State's Attorney of the county in which the criminal proceeding took place and to the court which found the defendant mentally ill and in need of mental treatment. Such notice shall set forth in detail the basis for the determination by the superintendent, including but not limited to the diagnosis and the techniques used in reaching it, and if the defendant continues to be in need of mental treatment, any proposed conditions for the release or discharge of the defendant. The superintendent may proceed to discharge or release the defendant under any such proposed conditions on the proposed date unless, prior to such date the court, on its own motion or upon the motion of the State's Attorney who requests a hearing, sets a hearing on the discharge or release proposed by the superintendent. Such hearing shall be held within 30 days of a motion for hearing."

We believe this statutory modification set forth in Public Act 80—164 is germane to disposition of this appeal within the context of the record presented. Public Act 80—164 validates the circuit court's order except with respect to the time limit which the statute imposes on the Department for the notification of the circuit court and State's Attorney, at least 30 days prior to defendant's contemplated release. This time requirement will presumably be adhered to by the Department. See *City of Chicago v. Ben Alpert, Inc.* (1938), 368 Ill. 282, 288, 13 N.E.2d 987.

Accordingly, the order of the circuit court of Cook County is affirmed.

Order affirmed.

SULLIVAN, P. J., and WILSON, J., concur.