*In re* WILLIAM EVERETT LANGDON, Petitioner.—(THE DEPARTMENT OF MENTAL HEALTH AND DEVELOPMENTAL DISABILITIES, Appellant; THE PEOPLE OF THE STATE OF ILLINOIS, Appellee.)

Third District   No. 77-136

Opinion filed October 24, 1977.—Modified on denial of rehearing November 15, 1977.

769

William J. Scott, Attorney General, of Chicago (William J. Fitzpatrick, Assistant Attorney General, of counsel), for appellant.

Edward Keefe, State's Attorney, of Rock Island, for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court: The Department of Mental Health and Developmental Disabilities (hereinafter called "Department") appeals from an order of the Circuit Court of Rock Island County directed to the Department ordering it not to release, transfer or discharge William Everett Langdon, petitioner in this cause.

Petitioner William Everett Langdon was hospitalized in custody of the Department pursuant to section 5—2—4 of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—2—4) and petitioned the Circuit Court of Rock Island County for discharge from hospitalization under the terms of section 10—1 of the Mental Health Code of 1967 (Ill. Rev. Stat. 1975, ch. 91½, par. 10—1). The order to which we have referred was entered on February 18, 1977, and ordered the Department not to release, transfer or discharge the petitioner until certain showings were made to the court, and the cause was continued generally. On March 7, 1977, the Department moved to vacate, alter or amend the order of February 18, 1977, and the motion of the Department was denied. Petitioner Langdon has not participated in this appeal by the Department.

On this appeal, the Department argues (1) that the circuit court lacked statutory authority to retain jurisdiction over this cause, (2) that the circuit court lacked the statutory authority to designate the facility of petitioner's treatment, (3) that the circuit court lacked statutory authority to restrict the release, transfer and discharge of petitioner, and (4) that entry of the circuit court's orders places the Department's treatment staff in jeopardy of liability for deprivation of petitioner's civil rights.

On August 18, 1976, petitioner William Everett Langdon, at a bench trial in the Circuit Court of Peoria County, was acquitted by reason of insanity on two charges of murder and two charges of attempt (murder). Pursuant to section 5—2—4(b) of the Unified Code of Corrections (Ill.

Rev. Stat. 1975, ch. 38, par. 1005—2—4(b)), the Circuit Court of Peoria County found Langdon to be a person in need of mental treatment and entered an order hospitalizing petitioner in the custody of the Department. On September 3, 1976, petitioner was evaluated at the Department's Chester facility, and on January 11, 1977, the Department transferred the petitioner to the East Moline State Hospital.

On January 25, 1977, while Langdon was a patient at the East Moline facility, Langdon filed in the Circuit Court of Rock Island County a petition for discharge in the instant case, pursuant to section 10—1 of the Mental Health Code of 1967 (Ill. Rev. Stat. 1975, ch. 91½, par. 10—1). The circuit court held a hearing on the petition for discharge on February 18, 1977. Testimony of Department personnel who had examined petitioner indicated that, due to medication and the controlled environment of a hospital, petitioner's symptoms were in temporary remission. The report of a commission examination of petitioner on January 28, 1977, which report was submitted at the hearing, stated that:

"* * * the proposed treatment plan for this patient is that he will spend two months at this facility [East Moline State Hospital] during which we will evaluate his behavior and observe his mental condition, * * * at which time he will be transferred to the Zeller Mental Health Center for further discharge planning."

At the close of the hearing, the circuit court entered an order on February 18, 1977, which provided in part:

"That said patient [petitioner] shall not be released, transferred or discharged by the Department from maximum security of East Moline State Hospital until changed circumstances in the condition of said patient shall reasonably show to this Court that there exists (a) a minimal risk of danger or harm to members of the public from said patient's transfer, release or discharge, and (b) that the patient's mental health is improved and not merely in a state of temporary symptomatic remission, for which purpose this cause is continued generally."

On March 7, 1977 the Department filed with the circuit court a motion to vacate, alter or amend the order of February 18, 1977. After a hearing, the circuit court denied the Department's motion on March 29, 1977. The Department now appeals from the circuit court's orders of February 18 and March 29, 1977.

■■ The Department first argues that the circuit court lacked statutory authority to retain jurisdiction over the cause. The petition for discharge in the instant case was filed pursuant to section 10—1 of the Mental Health Code of 1967 (Ill. Rev. Stat. 1975, ch. 91½, par. 10—1), which provides:

"Any person who has been * * * hospitalized in a hospital as in need of mental treatment * * * may file at any time in the court of

the county in which such person is hospitalized * * * a petition setting forth * * * a request for discharge from * * * hospitalization and * * * and the reasons for such request."

Section 10—3 of the Mental Health Code of 1967, which governs the hearing held on a petition for discharge, provides in part:

"* * *. If it is found that the patient * * * is not in need of mental treatment * * *, the court shall enter an order so finding and discharging such patient. * * *

If the court determines, pursuant to this Article, that any such person remains in need of mental treatment, * * * the court shall enter an order so finding and order that the original order remain in force, and thereafter no petition shall be filed on behalf of such patient under Section 10—1 without leave of court."

This court considered a similar issue in *People v. Javurek* (3d Dist. 1976), 40 Ill. App. 3d 218, 351 N.E.2d 897, in which, after defendant's acquittal on a murder charge by reason of insanity, the circuit court, in ordering defendant hospitalized in custody of the Department pursuant to section 5—2—4(b) of the Unified Code of Corrections, had ordered the Department not to release, transfer or discharge the defendant until further order of the circuit court. In *Javurek*, this court noted that section 5—2—4(b) of the Unified Code of Corrections enumerated specific actions which the circuit court is authorized to take, after an acquittal by reason of insanity, and also noted that the circuit court's order that the Department not release, transfer or discharge the defendant until further order of the court was not such an authorized action. In concluding that the circuit court's order that the defendant not be released, transferred or discharged until further order of the court must be reversed, we said in the *Javurek* opinion (40 Ill. App. 3d 218, 220):

"We believe however, that the legislature has issued its instructions and its directives must be followed. It is the function of the legislature, not the courts, to prescribe the procedures to be followed in treating persons acquitted by reason of insanity after their acquittal. 'Courts have no legislative powers, and their sole function is to determine and, within the constitutional limits of the legislative power, give effect to the intention of the lawmaking body. We will not, and cannot inject provisions not found in a statute, however desirable or beneficial they may be.' *Droste v. Kerner* (1966), 34 Ill. 2d 495, 504, 217 N.E.2d 73; *Rios v. Jones* (1st Dist. 1974), 25 Ill. App. 3d 381, 323 N.E.2d 380."

See also *In re Washington* (1976), 65 Ill. 2d 391, 359 N.E.2d 133; *People v. Ealy* (1st Dist. 1977), 49 Ill. App. 3d 922, 365 N.E.2d 149.

■■ As we have noted, section 10—3 of the Mental Health Code authorizes two alternative actions which may be taken by the circuit court

upon a petition for discharge. If it is found that the patient is not in need of mental treatment, the Act provides that the court "shall enter an order so finding and discharging such patient." If it is found that the patient remains in need of mental treatment, the court shall "order that the original order remain in force and thereafter no petition shall be filed on behalf of such patient in par. 10—1 without leave of court." Since the legislative actions do not include a power in the court to designate the treatment facility and to direct the retention of a patient in a particular facility, we see no specific statutory authority for such actions by the circuit court in the instant case. The State argues that *Javurek* is inapplicable to the instant case because in *Javurek* the court acquired jurisdiction over the defendant in a criminal proceeding and in the instant case, the court acquired jurisdiction over the patient under the Mental Health Code of 1967. Since the patient was originally hospitalized under section 5—2—4(b) of the Unified Code of Corrections, we believe our conclusion in *Javurek* would be equally applicable here if the petition for discharge by the patient is denied by the trial court.

The Department argues that the circuit court lacked statutory authority to designate the facility for a patient's treatment. We believe that this is a sound contention since under section 9—6 of the Mental Health Code it is provided in part:

"If the court orders that the patient be hospitalized in a facility of the Department, then the Department shall designate the facility in which such person shall receive treatment." (Ill. Rev. Stat. 1975, ch. 91½, par. 9—6.)

As was stated by the Illinois Supreme Court, with respect to a trial court's function in ordering a person committed to the custody of the Department under another statute, in *People v. Lang* (1967), 37 Ill. 2d 75, 80, 224 N.E.2d 838:

"The statute does not authorize the trial judge to determine the particular institution to which a person found to be incompetent because of a mental condition is to be confined. His authority is only to commit to the Department of Mental Health. Determination as to which of its institutions is best suited for the confinement of a particular incompetent is left to the Department."

We, therefore, conclude that the circuit court did not have authority to designate the facility for petitioner's treatment and that it was error for the court to so designate the facility upon a hearing on a petition for discharge.

The Department also similarly argues that the circuit court lacked statutory authority to restrict the release, transfer and discharge of petitioner. Since section 10—3 of the Mental Health Code of 1967 does

not authorize such action by the circuit court, it is clear that the court erred in restricting the release, transfer and discharge of petitioner. Under section 10—4 of the Mental Health Code it is provided in part:

> "When any person has been admitted or hospitalized under this Act * * *, upon court order or otherwise, the superintendent of the hospital in which such person is hospitalized may at any time grant an absolute discharge, * * * and shall do so if the patient is no longer in need of hospitalization under such rules and regulations as may be adopted by the Department."

Section 12—4 of the Mental Health Code also provides:

> "The Department may transfer any patient from one state hospital to another whenever such transfer is deemed advisable."

In view of the specific statutory authorizations for the Department contained in the Code, we also conclude that the circuit court erred in ordering the Department not to release, transfer or discharge petitioner until certain showings were made to that court. In our opinion, in *People v. Javurek* (3d Dist. 1976), 40 Ill. App. 3d 218, 351 N.E.2d 897, we concluded that the legislature might well wish to consider a revision of the Unified Code of Corrections to establish new standards for release, keeping in mind that the effect of a determination of insanity is no indictable "crime" and that such new standards for release must be based on the nature of the commitment, given the overriding concern for public safety. Apparently, the legislature has responded to this suggestion and others which may have been made to the legislature, by recent amendments to section 5—2—4 of the Unified Code of Corrections, which amendments may be applicable to the discharge or release of petitioner in the instant case, since such amendments apparently authorize the court which rendered the verdict acquitting a defendant by reason of insanity to review a decision to release such patient, and upon certain findings to order that such patient not be released or discharged.

■■■ The Department had finally argued that the circuit court's order placed the Department's treatment staff in undue jeopardy of liability for deprivation of petitioner's civil rights. While the confinement of a person in a State mental health facility may under certain circumstances violate that person's constitutional right to freedom, the test for personal liability of the State treatment staff is, as stated in *O'Connor v. Donaldson* (1975), 422 U.S. 563, 577, 45 L. Ed. 2d 396, 408, 95 S. Ct. 2486, whether the State official knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of the patient, or if he took the action with the malicious intention of causing a deprivation of constitutional rights or other injury to the patient, there might be such liability. In view of the Department's prosecution of the instant appeal contesting the validity of the circuit

court's order, we conclude that such order, in itself, did not place the Department personnel in undue jeopardy of personal liability under the *O'Connor* standard.

On the basis of the precedents and the statutory provisions referred to, we conclude, that to the extent the order of the Circuit Court of Rock Island County in this cause sought to limit the power of the Department to transfer or place the petitioner in a facility for treatment or to restrict the power of the Department as to such transfer, such order should be vacated. For the reasons stated, this cause is reversed and remanded with directions to the trial court to vacate paragraph 6 of the order entered by the trial court which directed that the patient should not be released, transferred or discharged by the Department from the maximum security of the East Moline State Hospital until certain changed circumstances in the condition of the patient are shown. The trial court, however, apparently did find that the patient, Langdon, was in need of further mental treatment and, accordingly, the order of the trial court should be that the original order committing Langdon shall remain in force pursuant to the provisions of section 10—3 of the Mental Health Code.

Reversed and remanded with directions.

STOUDER and SCOTT, JJ., concur.